| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:   1437 Bannock Street<br>                         Denver, CO 80202 | DATE FILED: March 6, 2023 3:41 PM<br>FILING ID: C238562015450<br>CASE NUMBER: 2023CV30708 |
| Plaintiff:   **Julie Zahniser**<br><br>v.<br><br>Defendant:   **Avis Budget Car Rental LLC** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Sean M. Dormer, #44962<br>Timothy M. Garvey, #42668<br>Dormer Harpring, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO 80216<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Julie Zahniser, by and through her attorneys, Dormer Harpring, LLC, for her Complaint against Defendant, Avis Budget Car Rental LLC states as follows:

## GENERAL ALLEGATIONS

1.   Plaintiff seeks damages for claims under the Premises Liability Statute (C.R.S. § 13-21-115) and the common law of negligence in connection with injuries, harms, and losses she suffered as the result of a fall occurring March 16, 2021, on property located at 24050 East 78th Avenue, DIA, Denver, CO 80249 (the "Property").

This event, as more fully described throughout this Complaint, is referred to as the "Incident."

## PARTIES, JURISDICTION, AND VENUE

2. At the time of the Incident, Plaintiff resided in Florida and lived at 5655 South Indian River Drive, Fort Pierce, FL 34982.

3. Defendant Avis Budget Car Rental LLC ("Avis") is a foreign limited liability company authorized to do business in Colorado.

4. Defendant Avis' principal street address is 6 Sylvan Way, Parsippany, NJ 07054.

5. Defendant Avis' registered agent in Colorado is Corporation Service Company, 1900 West Littleton Boulevard, Littleton, CO 80120.

6. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because it transacts business in the state of Colorado.

7. Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendant because it committed one or more tortious acts in the state of Colorado.

8. Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendant because it owns, uses, or possesses real property situated in the state of Colorado.

9. Pursuant to C.R.C.P. 98(c), venue is proper in the County of Denver Colorado, because the Incident occurred in the County of Denver, Colorado.

10. Upon information and belief, at the time of the Incident, Defendant owned all or a portion of the Property.

11. Upon information and belief, at the time of the Incident, Defendant was contractually obligated to manage the Property.

12. Upon information and belief, said obligations required Defendant to maintain safe conditions of the exterior areas of the Property.

13. Upon information and belief, at the time of the Incident, Defendant was in possession and control of the exterior areas of the Property.

14. Upon information and belief, at the time of the Incident, Defendant was legally responsible for the exterior conditions of the Property.

15. Upon information and belief, at the time of the Incident, Defendant was legally responsible for circumstances existing on the Property.

16. At the time of the Incident, Ms. Zahniser was at the Property as a guest picking up her reserved rental car.

17. Ms. Zahniser entered the land to transact business in which the parties were mutually interested.

18. During the time leading up to the Incident, ice had been building up on the sidewalks outside the entrance of Avis' building.

19. During the time leading up to the Incident, Defendant was aware of expected inclement weather.

## **FACTUAL ALLEGATIONS: THE INCIDENT**

20. On March 16, 2021, Ms. Zahniser and her two daughters were transported from a DIA hotel to Avis by an Avis shuttle bus to pick-up a reserved rental car.

21. The Avis shuttle bus is a courtesy shuttle for its customers and is controlled and operated by Avis.

22. The Avis shuttle bus driver stopped to unload passengers in an area of the Property where the sidewalk was covered with snow and ice.

23. According to Defendant, at the time of the Incident, there was no indication of any imminent danger on the Property.

24. Contrary to Defendant's belief, the sidewalk around the Property was not properly cleared of snow and ice.

25. The picture below accurately represents the conditions of the sidewalk on the day of the Incident.



26. Contrary to Defendant's belief, Avis did not use reasonable care to protect against any danger on the Property.

27. At the time of the Incident, Defendant had no visible ice melt, salt, or sand on the sidewalks around the Property.

28. At the time of the Incident, Defendant chose to display no signs warning customers (or anyone else) that a dangerous, slippery condition may exist at the Property.

29. At the time of the Incident, Defendant chose to place no mats on the ground on the sidewalks around the Property.

30. Ms. Zahniser was the first passenger to exit the shuttle bus upon arrival at the Property.

31. After exiting the back of the shuttle bus, Ms. Zahniser took just a few steps from where the shuttle bus driver opened the doors and her left foot slipped on black ice. Her full weight came down on the ice, breaking her ankle and rupturing her ligaments.

32. As a direct and reasonably foreseeable result of said slip, Ms. Zahniser suffered injuries that included, but are not limited to, injuries to her left ankle, left leg fracture to her distal fibula, and deltoid ligament injury (collectively, her "Injuries").

33. Ms. Zahniser's Injuries were severe to the extent that surgery was necessary to repair her left distal fibula fracture and the deltoid ligament rupture.

34. The cause of Ms. Zahniser's fall was Defendant's failure to exercise reasonable care to protect against dangers of which it knew or should have known.

35. As a direct and reasonably foreseeable result of Ms. Zahniser's Injuries, Ms. Zahniser has suffered and will suffer economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

36. As a direct and reasonably foreseeable result of the Injuries, Ms. Zahniser has been rendered more vulnerable to subsequent injury.

37. As a direct and reasonably foreseeable result of the Incident, Ms. Zahniser has had her formerly active lifestyle compromised by her Injuries.

38. At the time of the Incident, Ms. Zahniser was 53 years old.

39. Pursuant to C.R.S. § 13-25-103, Ms. Zahniser had a life expectancy of 30.1 additional years at the time of the Incident.

**FIRST CLAIM FOR RELIEF**

**(Premises Liability against Defendant)**

40. Ms. Zahniser incorporates by reference all allegations of this Complaint as if set forth in their entirety hereunder.

41. Defendant was a landowner of the Property at the time of the Incident, pursuant to C.R.S. § 13-21-115(1).

42. As a landowner, Defendant owed Ms. Zahniser a duty to exercise reasonable care with respect to dangers at the Property of which it knew or should have known.

6

43. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

44. Defendant breached its duty to Ms. Zahniser by unreasonably failing to protect against the dangers of ice, which it knew or should have known had accumulated on the sidewalks and in the areas around the Property.

45. Defendant breached its duty to Ms. Zahniser by unreasonably failing to warn her against the dangers of ice, which it knew or should have known became present on the Property.

46. As a direct and reasonably foreseeable result of said unreasonable failure, Ms. Zahniser has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF

### (Negligence Claim against Defendant)

47. Plaintiff incorporates by reference all allegations of this Complaint as though set forth in their entirety hereunder.

48. Defendant owed Ms. Zahniser a duty of reasonable care.

49. Defendant breached said duty of reasonable care.

50. Defendant was negligent by failing to warn Ms. Zahniser of an existing danger.

51. As a direct and reasonably foreseeable result of said breach, Ms. Zahniser has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## **JURY DEMAND**

52. Ms. Zahniser requests a trial by jury for all of her claims.

WHEREFORE, Plaintiff, Ms. Zahniser requests that judgment be entered in her favor and against Defendant, Avis Budget Car Rental LLC for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED March 6, 2023.

DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By:  */s/ Timothy Garvey*
Sean M. Dormer, (#44962)
Timothy M. Garvey, (#42668)
*Attorneys for Plaintiff*

Plaintiff's Address:

5655 S. Indian River Drive
Fort Pierce, FL 34982